Ryan G. Baker (SBN 214036)
    rbaker@bakermarquart.com
Scott M. Malzahn (SBN 229204)
    smalzahn@bakermarquart.com
Kelly M. Raney (SBN 288014)
    kraney@bakermarquart.com
Baker Marquart LLP
10990 Wilshire Blvd., Fourth Floor
Los Angeles, CA 90024
Telephone:   (424) 652-7800
Facsimile:   (424) 652-7850

*Attorneys for Plaintiffs
Hologram USA, Inc., Musion Das
Hologram Limited, and Uwe Maass*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLOGRAM USA, INC., a Delaware corporation; MUSION DAS HOLOGRAM LIMITED, a corporation organized under the laws of the United Kingdom; and UWE MAASS, an individual,<br><br>      Plaintiffs,<br><br>    v.<br><br>TWENTIETH CENTURY FOX CORPORATION, a corporation organized under the laws of Delaware; and GRACIE FILMS, a corporation organized under the laws of California; and DOES 1 through 10,<br><br>      Defendants. | Case No.   **'14CV1915 GPC WVG**<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL** |

COMPLAINT

# INTRODUCTION

1. In 1862, John Pepper and Henry Dircks invented an illusion technique now known as "Pepper's Ghost." Over the last 150 years, Pepper's Ghost has appeared in movies, concerts, magic shows and amusement park rides, such as Disneyland's Haunted Mansion. Today, thanks to technology patented in over 180 countries (the "Patented Technology"), a new, revolutionized version of Pepper's Ghost has appeared. The Patented Technology creates a lifelike illusion of three-dimensional images that can interact with live performers in numerous settings. One such setting was Comic-Con International event held in San Diego, California, the most famous and largest comic related arts and culture conventions in the world. On July 26, 2014, defendants in this case used the Patented Technology to produce an image of Homer Simpson, which interacted with his creator, Matt Groening, during a highly publicized panel discussion with the Simpsons show producers and directors.

2. Plaintiff Hologram USA acquired exclusive rights to the Patented Technology directly from plaintiffs Musion Das Hologram Limited ("MDH") and Uwe Maass, the patent-holders. Hologram USA was created to specifically promote and publicize the type of entertainment only made possible by the Patented Technology.

3. The Performance resulted in much publicity and attention for Defendants. Defendants do not possess a valid license to practice that technology. Such a license may only be provided by Plaintiffs. In spite of their knowledge of Plaintiffs' rights, the Performance was made anyway.

4. Defendants' infringement of the Patents At Issue has damaged and continues to damage Plaintiffs. Plaintiffs seek to enjoin Defendants' wrongful conduct. Plaintiffs also seek damages they have incurred as a result of Defendants' infringing conduct.

# THE PARTIES

5. Plaintiff Hologram USA, Inc. ("Hologram USA") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Beverly Hills, California. Hologram USA has licensed exclusive rights to practice U.S. Patent No. 7,883,212 (the "'212' patent") and U.S. Patent No. 5,865,519 (the "'519 patent," and along with the '212 patent, the "Patents At Issue") from MDH and Maass.

6. Plaintiff Uwe Maass ("Maass") is a citizen of Germany and an individual residing in Dubai in the United Arab Emirates. Plaintiff Maass holds the '519 patent. A true and correct copy of the '519 patent is attached as Exhibit A.

7. Plaintiff Musion Das Hologram Limited ("MDH") is a corporation organized and existing under the laws of the United Kingdom, having a principal place of business in London. MDH holds the '212 patent. A true and correct copy of the '212 patent is attached as Exhibit B.

8. On information and belief, defendant Twentieth Century Fox Corporation ("Fox") is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business in Los Angeles, California. Fox co-produces the Simpsons television show, and on information and belief, owns the copyrights and trademarks to the Simpsons and was involved in the Performance.

9. On information and belief, defendant Gracie Films is a corporation organized and existing under the laws of California, having a principal place of business in Los Angeles, California. Gracie Films co-produces the Simpsons television show, and on information and belief, was involved with the Performance.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of certain defendants sued in this complaint as DOES 1-10 (the "Doe Defendants"), are presently unknown to Plaintiffs, who therefore sue them by fictitious names. Plaintiffs will amend the complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and therefore allege that all Defendants were or are, in some way or manner, responsible for the events, happenings, and damaged alleged in this complaint.

11. Plaintiffs are informed and believe and thereon allege that at all times mentioned each Defendant was the agent, servant, employee, co-venturer, representative, or co-conspirator of each of the other defendants, and acted with the knowledge, consent, ratification, authorization and/or at the direction of each defendant, or is otherwise responsible in some manner for the occurrences alleged in this complaint.

## JURISDICTION AND VENUE

12. This is a civil action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 101, *et seq.*

13. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

14. This Court has personal jurisdiction over Defendants for at least the following reasons: (i) Defendants are citizens of this State; (ii) Defendants regularly do business or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from products and/or services provided to individuals in this District and in this State; (iii) Defendants have purposefully established substantial, systematic, and continuous contacts with this District and expect or should reasonably expect to be in court here; and (iv) the Defendants purposefully availed themselves of the privilege of conducting activities within the forum state and the causes of action alleged herein arise out of Defendants'

contacts with the forum.  Thus, this Court's exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

15.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of infringement in this District, Defendants have a regular and established place of business in this District, and Defendants reside in and are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### A.  The Patented Technology

16.  The Patented Technology is an amazing technique of projecting video to create the illusion of life-size, full color, 3D moving images.  All of the images used in this system are projected as two-dimensional images into a three-dimensional stage-like setting.  This technology is capable of creating the appearance of life-size, three-dimensional moving images on stage that are nearly indistinguishable from real people.

17.  The Patented Technology is protected by patents in the United States.  As described in the '519 and '212 patents, the Patented Technology is a proprietary projection system that allows moving images, which can appear within a stage-like setting.  It creates the illusion of moving, three-dimensional images through use of a patented system that projects a two-dimensional image onto a reflecting surface, which projects the image onto a thin transparent foil arranged on stage at an angle.  From the audience's perspective, the image appears as a life-like three-dimensional moving image.

18.  Hologram USA has licensed exclusive rights to exploit the Patented Technology (including the Patents At Issue) in the United States.  Accordingly, Hologram USA has the exclusive right to use the Patented Technology and to sublicense its use to third parties for use in performances such as the Performance.

B. <u>**Homer Simpson Performance**</u>

19. On July 26, 2014, at the world famous Comic-Con International event in San Diego, California, Homer Simpson appeared to participate in Fox's panel discussion with the Simpsons' creator, directors and producers. Comic-Con San Diego is one of the most famous and largest comic related arts and culture conventions in the world. The Simpsons show, on information and belief through Fox and Gracie Films, held a forty-five minute panel discussion with the show's creator Matt Groening, executive producer Al Jean, supervising director Mike Anderson and director David Silverman, in celebration of the show's twenty-fifth anniversary. At the close of the panel, Matt Groening introduced to the stage a seemingly three-dimensional, live Simpson. Mr. Groening and Simpson talked on stage for approximately two minutes about Comic-Con and the Simpsons show.

20. According to Comic-Con's website, approximately 1,230 people reported online that they planned to attend the panel. This performance has been widely reported and publicized by many news outlets. The video clip of the Performance has approximately 850,000 views on YouTube as of August 7, 2014. This YouTube video clip has Fox advertising imbedded in it, including for example, an advertisement for the season premiere of the Simpsons Show.

21. While Mr. Groening and Simpson were talking, Simpson made a joke about the difficulties with the registration process for Comic-Con. Mr. Groening replied: "I don't care, I get my free ticket from the hologram of Tupac Shakur." The Tupac Shakur "hologram" performed at the Coachella Music Festival in 2012. As with the Simpson hologram, the Patented Technology was used to create the Tupac Shakur hologram.

22. Unlike the creators of the Tupac Shakur hologram, however, Defendants did not obtain a license or any other authorization to use the Patented Technology for the Performance.

23. Based on information and belief, Defendants have infringed the Patents At Issue.

24. Hologram USA's efforts to reach business deals with potential customers has and will continue to be damaged by Defendants' wrongful conduct.

25. Defendants' infringement of the '519 and '212 patents has caused and will continue to cause monetary and other damages to Plaintiffs.

## **FIRST CLAIM FOR RELIEF – Against All Defendants**
### **(Infringement of Patent No. 5,865,519)**

26. Plaintiffs incorporate by reference the preceding averments set forth in the preceding paragraphs.

27. U.S. Patent No. 5,865,519 ("the '519 patent") duly and lawfully issued on February 2, 1999, to Uwe Maass and is titled "Device For Displaying Moving Images In The Background Of A Stage." The claims of the '519 patent are directed at a device or apparatus for representing three-dimensional moving images in the background of a stage or the like using an image source. *See* Exhibit A.

28. Maass is the owner of the '519 patent, and Hologram USA has exclusive rights to exploit this patent in the U.S. Maass and Hologram USA have the right to bring this suit for injunctive relief and damages.

29. On information and belief, Defendants, and/or those acting in concert with them, have been, are currently, and unless enjoined, will continue to directly infringe one or more claims of the '519 patent by making, using, offering to sell, and selling within the United States the patented invention, including but not limited to the improper and unauthorized use of the Patented Technology to create a hologram-like image of Homer Simpson on stage. Defendants' products and services embody and/or practice one or more claims of the '519 patent.

30. Defendants' infringing activities have caused and will continue to cause Plaintiffs irreparable harm, for which they have no adequate remedy at law, unless Defendants' infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

31. In addition to directly infringing the Patents At Issue, on information and belief, the Doe Defendants are liable for indirect infringement under theories of active inducement and contributory infringement.

32. On information and belief, the Doe Defendants actively induced the direct infringement of the '519 patent in violation of 35 U.S.C. section 271(b). The Doe Defendants worked with Fox, Gracie Films and each other to create the accused apparatus and the Performance. Despite knowing that they and the other defendants do not and did not have any valid rights to practice the Patented Technology, the Doe Defendants and/or those acting in concert with them intended to induce infringement of the '519 patent. On information and belief, the Doe Defendants caused, urged, encouraged and/or aided in the infringing conduct. The Doe Defendants intended to induce each other and Fox and Gracie Films to infringe the '519 patent by, on information and belief, providing certain parts and equipment and technological know-how of the Patents At Issue.

33. The Doe Defendants also are liable for contributory infringement under 35 U.S.C. section 271(c). On information and belief, the Doe Defendants and/or those acting in concert with them, with actual knowledge of the '519 patent before the filing of this action, contributed to the infringement of the '519 patent, by having its direct and indirect customers sell, offer for sale, use and import into the United States and this Judicial District, and placing into the stream of commerce, the Patented Technology, including but not limited to certain parts and equipment and technological know-how of the Patents At Issue, with knowledge that it infringes the '519 patent. On information and belief, any unauthorized use

of the parts and equipment of the Patents At Issue is especially made or adapted for infringing the '519 patent, and has no substantially non-infringing uses.

34. Plaintiffs have been and continue to be damaged by Defendants' direct and indirect infringement of the '519 patent in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF – Against All Defendants
### (Infringement of Patent No. 7,883,212)

35. Plaintiffs incorporate by reference the preceding averments set forth in the preceding paragraphs.

36. U.S. Patent No. 7,883,212 ("the '212 patent") duly and lawfully issued on February 8, 2011, to Ian O'Connell and James Rock and is titled "Projection Apparatus And Method For Pepper's Ghost Illusion."  The claims of the '212 patent are directed at a projection apparatus arranged to project an image of an object upon an inclined, partially reflective, screen so as to give a false perception of depth and a method for constructing such an apparatus.  *See* Exhibit B.

37. In or about September 2006, Ian O'Connell and James Rock assigned all their interests in the anticipated application for the '212 patent to Musion Systems Limited.  A true and correct copy of the Patent Assignment Abstract of Title printed on March 13, 2014 is attached as Exhibit C.

38. In or about September 2013, Musion Systems Limited assigned all its interests in the '212 patent to MDH.[1]  In fact, on May 21, 2014, the Court of

---

[1] On or about June 17, 2014, a fraudulent assignment for the '212 patent was filed with the U.S. Patent and Trademark Office, which falsely reports that the '212 patent was assigned from Musion Systems Limited to Musion IP Limited on May 29, 2013.  In fact, there was no such assignment.  In any event, since Musion IP Limited did not record its alleged assignment within three months from the date
    (footnote continued)

Appeal for the Royal Courts of Justice in the United Kingdom issued a decision in which a three-judge panel unanimously affirmed a lower court order permitting an administration sale of Musion Systems Limited's assets to MDH. A true and correct copy of this decision by the Court of Appeal is attached as Exhibit D.

39. MDH is the owner of the '212 patent, and Hologram USA has licensed exclusive rights to exploit this patent in the U.S. MDH and Hologram USA have the right to bring this suit for injunctive relief and damages.

40. On information and belief, Defendants, and/or those acting in concert with them, have been, are currently, and unless enjoined, will continue to directly infringe one or more claims of the '212 patent by making, using, offering to sell, and selling within the United States the patented invention, including but not limited to the improper and unauthorized use of the Patented Technology to create a hologram-like image of Homer Simpson on stage. Defendants' products and services embody and/or practice one or more claims of the '212 patent.

41. Defendants' infringing activities, including but not limited to the repeat performances on YouTube.com and other internet sites, have caused and will continue to cause Plaintiffs irreparable harm, for which they have no adequate remedy at law, unless Defendants' infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

42. In addition to directly infringing the Patents At Issue, on information and belief, the Doe Defendants are liable for indirect infringement under theories of active inducement and contributory infringement.

43. On information and belief, the Doe Defendants actively induced the direct infringement of the '212 patent in violation of 35 U.S.C. section 271(b).

---

it was supposedly executed, its assignment is void against the subsequent assignment to MDH. *See* 35 U.S.C. § 261.

The Doe Defendants worked with Fox, Gracie Films and each other to create the accused apparatus and the Performance. Despite knowing that they and the other defendants do not and did not have any valid rights to practice the Patented Technology, the Doe Defendants and/or those acting in concert with them intended to induce infringement of the '212 patent. On information and belief, the Doe Defendants caused, urged, encouraged and/or aided in the infringing conduct. The Doe Defendants intended to induce each other and Fox and Gracie Films to infringe the '212 patent by, on information and belief, providing certain parts and equipment and technological know-how of the Patents At Issue.

44.   The Doe Defendants also are liable for contributory infringement under 35 U.S.C. section 271(c). On information and belief, the Doe Defendants and/or those acting in concert with them, with actual knowledge of the '212 patent before the filing of this action, contributed to the infringement of the '212 patent, by having its direct and indirect customers sell, offer for sale, use and import into the United States and this Judicial District, and placing into the stream of commerce, the Patented Technology, including but not limited to certain parts and equipment and technological know-how of the Patents At Issue, with knowledge that it infringes the '212 patent. On information and belief, any unauthorized use of the parts and equipment of the Patents At Issue is especially made or adapted for infringing the '212 patent, and has no substantially non-infringing uses.

45.   Plaintiffs have been and continue to be damaged by Defendants' direct and indirect infringement of the '212 patent in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF – Against All Defendants
### (Willful Infringement)

46.   Plaintiffs incorporate by reference the preceding averments set forth in the preceding paragraphs.

47. Defendants willfully and deliberately infringe the Patents At Issue in disregard of Plaintiffs' rights. On information and belief, each of the Defendants was aware of the '519 and '212 patents. Defendants are experienced and sophisticated companies in the entertainment industry and certainly have reason to know that the technology used to make the hologram of Simpson is patented. Indeed, Mr. Groening's reference to the hologram of Tupac Shakur indicates that he is familiar with the applications of the Patented Technology in the past.

48. Despite the Defendants' knowledge of the existence of the Patents At Issue, each of the Defendants willfully, intentionally and consciously infringed the Patents At Issue by making, using, selling and/or offering to sell the Patented Technology to create a holographic-like projection of Homer Simpson. Plaintiffs will continue to be irreparably harmed by the infringement because the Defendants have contributed to confusion in the marketplace as to the rightful owners and licensors of the Patents At Issue.

49. As alleged above, the Defendants did not possess a valid license from the Plaintiffs to make, use, offer to sell or sell the Patented Technology to create a holographic-like performance of Homer Simpson. Despite not having the proper license, Defendants willfully infringed the Patents At Issue.

50. On information and belief, all Defendants knew about the Patents At Issue before the complaint in this action was filed, and acted despite an objectively high likelihood that their actions constituted infringement of a valid patent.

51. Despite their knowledge of the existence of the Patents At Issue, based on information and belief, Defendants willfully, intentionally and consciously infringed the Patents At Issue in disregard of Plaintiffs' rights.

52. As a direct and proximate result of Defendants' willful infringement of the Patents At Issue, Plaintiffs have been and will continue to suffer monetary damages and irreparable injury. Defendants have contributed to on-going

confusion in the marketplace as to the rightful owners and licensors of the Patents At Issue, which renders this case appropriate for treble damages.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that:

a. Judgment be entered that Defendants have infringed one or more claims of the '212 and '519 patents;

b. Judgment be entered permanently enjoining Defendants, their directors, officers, agents, servants, and employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from further acts of infringement of the '212 and '519 patents;

c. Judgment be entered that Defendants' infringement has been willful;

d. Judgment be entered awarding Plaintiffs all damages adequate to compensate it for Defendants' infringement of the '212 and '519 patents, including all pre-judgment and post-judgment interest at the maximum rate permitted by law, and including a trebling of such damages due to Defendants' willful infringement.

e. For reasonable attorneys' fees incurred in bringing and litigating this action;

f. For costs of suit herein; and

g. Judgment be entered awarding all other relief as the Court deems proper.

///
///
///
///
///
///

| | |
|---|---|
| August 14, 2014 | BAKER MARQUART LLP |

By: /s/          Ryan G. Baker
   RYAN G. BAKER
   BAKER MARQUART LLP
   10990 Wilshire Boulevard
   Fourth Floor
   Los Angeles, CA  90024
   Telephone:   424.652.7800
   Facsimile:   424.652.7850
   rbaker@bakermarquart.com

   *Attorneys for Plaintiffs*
   *Hologram USA, Inc., Musion Das*
   *Hologram Limited and Uwe Maass*

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand trial by jury in this action.

DATED this 14th day of August, 2014.

BAKER MARQUART LLP

By: /s/          Ryan G. Baker
   RYAN G. BAKER
   BAKER MARQUART LLP
   10990 Wilshire Boulevard
   Fourth Floor
   Los Angeles, CA  90024
   Telephone:   424.652.7800
   Facsimile:   424.652.7850
   rbaker@bakermarquart.com

   *Attorneys for Plaintiffs*
   *Hologram USA, Inc., Musion Das*
   *Hologram Limited and Uwe Maass*